**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-00873-REB-CBS

REV DR. MARK PUMPHREY, and
MARY KAY PUMPHREY,

      Plaintiffs,

v.

USAA CASUALTY INSURANCE COMPANY,

      Defendant.

---

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

The parties agree that during the course of discovery in this action, it may be necessary to disclose certain confidential and private information relating to the subject matter of this action. THEREFORE, on motion of the parties, and on a showing that an Order is needed to prevent unwarranted disclosure of confidential or proprietary information, the Court orders the following:

      1.      Definitions:

      a.      "Parties" shall include the above-named Plaintiffs and Defendant, and individuals or entities subsequently named as parties, officers and employees of any corporate party, and the above-named Defendant's non-party affiliates.

      b.      "Document" means a writing, as defined in C.R.E. 1001, and includes the original, or a copy of handwriting, typewriting, printing, photostating, photographing, and every

1

other means of recording upon any tangible thing and form of communicating or representation, including words, pictures, sounds or combinations of them.

c.      "Furnish" shall mean to provide, file, or deliver for inspection or review to any person or persons, whether voluntarily or involuntarily, whether pursuant to discovery, pretrial exchange or otherwise, in prosecution or defense of this action; or to give testimony or statements of any kind, whether voluntarily or involuntarily, and whether in deposition or in court proceeding.

d.      "Person" shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

e.      "Confidential Information" shall mean the contents of any document or transcript of testimony which shall have been designated by any Producing Party as confidential because it contains information that has not been made public, such as confidential personal and financial information, checking and savings account bank records, financial statements, tax returns, commercial financial information, and any pleadings, briefs, filings or other material containing or otherwise disclosing the contents of such information.

f.      "Producing Party" shall mean the person that produces any information that is subject to the terms of this Confidentiality Agreement and Protective Order ("Agreement") including persons who are not parties to this action but who agree in writing to produce Confidential Information subject to the terms of this Agreement. Non-parties may do so by executing an agreement substantially in the form set forth in Exhibit A attached hereto.

g.      "Receiving Party" shall mean any person or entity that receives Confidential Information subject to the terms of this Agreement.

2

2.      This Agreement shall govern any information, document or tangible thing, response to a discovery request, deposition testimony or transcript, or other information or material, including the contents, copies, excerpts and summaries thereof, furnished, provided, produced, filed, or served in response to either Plaintiffs' or Defendant's discovery requests in the above-captioned action (hereinafter collectively referred to as "Discovery Material").

3.      Any Producing Party may designate Discovery Material it produces as Confidential Information, provided the Producing Party has a good faith belief, formed after an inquiry reasonable under the circumstances, that it is necessary in the interests of justice to remove the Discovery Material being designated from the public record and that such designation complies with any orders this Court has issued concerning this Confidentiality Agreement and Protective Order. Any such designation shall be made subject to a good faith belief that such Discovery Material constitutes non-public operational, financial, or personal information, disclosure of which could result in harm to the Producing Party or others.  Any designation of "Discovery Material" as confidential must satisfy the certification requirements of Rule 26(g) of the Federal Rules of Civil Procedure.

4.      Subsequent to the date hereof, Discovery Material designated as Confidential Information pursuant to this Agreement, all copies or reproductions thereof, and all information contained therein, shall not be disclosed, disseminated, or communicated in any manner, directly or indirectly, except to the following "Qualified Persons":

a.      The parties' counsel of record herein and persons regularly employed as in-house counsel by the parties, including all regular employees of counsel such as legal associates, paralegals, secretaries and other support staff;

b.      The Court, in camera, and to persons serving as court personnel or court reporter personnel or staff in connection with this action;

c.      Parties in this action, or an officer, director or employee of a party, deemed necessary by counsel to and in the prosecution, defense, or settlement of this action;

d.      Consultants or experts of any party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action, so long as all such persons are informed of this Agreement and agree to its terms;

e.      Any person contacted or interviewed by counsel for use or potential use as a witness in this action, so long as all such persons are informed of this Agreement and agree to its terms. Discovery Material designated as Confidential Information pursuant to this Agreement, all copies or reproductions thereof, and all information contained therein shall be used by Qualified Persons subject to this Order solely for the purpose of the prosecution or defense of the claims in this action and for no other purpose whatsoever; and

f.      Witnesses to the extent such confidential materials are used in depositions or court proceedings.

5.      Designation of information as Confidential Information shall be accomplished as follows: With respect to documents, any document produced by a Producing Party may be marked or designated in writing at the time it is furnished, in whole or in part, with the legend "CONFIDENTIAL." With respect to deposition testimony, testimony may be designated as Confidential Information by an appropriate contemporaneous statement during the deposition or in writing within thirty (30) days of receipt of a transcript of the deposition. All testimony designated as "confidential" during the deposition shall initially be treated as Confidential

Information for a period of thirty (30) days from the date the deposition transcript is delivered to the parties. Each party and nonparty shall have thirty (30) days from the date the deposition transcript is delivered to the parties to designate which, if any, pages of the transcript are Confidential Information.

6.      Prior to the disclosure, dissemination or communication of any Confidential Information, any copies or reproductions thereof, or any information contained therein to any person contacted or interviewed by counsel for use or possible use as a witness or consultant in this action, a copy of this Agreement first shall be presented to the person to whom the Confidential Information is to be disclosed or communicated and such person shall execute a nondisclosure agreement substantially in the form set forth in Exhibit "A" attached hereto.

7.      Each party or its counsel shall maintain a list of names of all persons to whom Confidential Information, any copies or reproductions thereof, or any Confidential Information contained therein has been disclosed, disseminated or communicated pursuant to Paragraph 3 through 5 above and a description of the Confidential Information so disclosed. Upon termination of this action (whether by judgment, verdict, settlement or otherwise), such list shall be made available upon request to the Producing Party who designated the Discovery Material as Confidential Information.

8.      In the event that any party objects to the designation of any Discovery Material as Confidential Information, that party shall make the objection known to the Producing Party and thereafter, counsel shall meet and confer (by telephone or otherwise) in a good faith attempt to resolve the dispute. Such efforts should include, if appropriate, a narrowing of the scope of the Discovery Material designated as Confidential Information. Any such resolution shall be set

forth in writing and signed on behalf of the parties to the dispute. In the event that the dispute is

unresolved, the Producing Party making the confidentiality designation shall present the dispute

to the Court within a reasonable length of time, but no more than twenty (20) days after the

parties have been unsuccessful in their efforts to resolve the dispute. If the party objecting to the

designation needs or desires resolution by the Court sooner than the time allotted, it may present

the dispute to the Court in camera. In either case, any Discovery Material designated as

Confidential Information shall remain protected until the Court rules otherwise.

9.      In the event that any party receiving Confidential Information is served with a

subpoena, notice, or request to produce such information by any person, entity, or governrnent

agency to whom disclosure is not otherwise permitted by this Agreement, the party receiving

such subpoena, notice, or request, shall apprise the party who served the subpoena, notice, or

request about the existence of this Agreement, shall object to the production of such Confidential

Information on the grounds of the existence of this Agreement, and shall immediately notify the

Producing Party thereof in writing to enable that party to take whatever steps it deems

appropriate to protect the Confidential Information from disclosure.

10.     To the extent that any party intends to file any motion, petition, brief,

memorandum, pretrial statement or other filing containing Confidential Information and wishes

to file any such papers under seal, filing under seal must comply with the requirements set forth

in Rule 7.2 of the Local Rules of Practice of the United States District Court for the District of

Colorado.

11.     Anything containing Confidential Information which has been designated by the

other party as a proposed trial exhibit, either pursuant to applicable pretrial procedures or

otherwise, may be offered into evidence in open court unless the party that made the

confidentiality designation obtains an appropriate protective order from the Court. If no such

order is obtained and anything containing Confidential Information is in fact offered into

evidence, such Confidential Information shall cease to be protected by this Agreement.

12.     In the event any party is dismissed as a party to this action, it shall continue to be

bound by and have rights under this Agreement. Any such party shall promptly return all

Confidential Information, and all copies, reproductions, extracts, and summaries of such

information to the Producing Party or, at the Producing Party's election, shall destroy all such

Confidential Information.

13.     Upon termination of this lawsuit (whether by judgment, verdict, settlement or

otherwise), each party at the request of the Producing Party who designated the Discovery

Material as Confidential Information shall promptly return all such Discovery Material and all

copies, reproductions, extracts, and summaries of all such Discovery Material to the Producing

Party, or at the Producing Party's election, shall destroy all such Discovery Material.  At the sole

discretion of the Producing Party,  an authorized representative of the Receiving Party shall

execute a mutually agreed affidavit confirming its destruction of the Producing Party's

Confidential Information.

14.     Nothing in this Agreement is intended to restrict or limit the authority of the

Court to direct the disclosure of any information designated as "Confidential Information" by

any party to this litigation.

15.     Nothing in this Agreement shall be deemed to restrict in any way a Producing

Party or its attorneys with respect to its own documents or to prevent a Producing Party from

using or disclosing information obtained from public documents or other documents legally and properly obtained other than pursuant to being furnished in this case.

16.     Nothing in this Agreement shall be construed as a waiver of, or prejudicial to, any claim that any party would otherwise have regarding the producibility or discoverability of any item about which there is a discovery dispute.

17.     In no event shall any of the findings, conclusions, determinations, or results of the Court herein be considered or deemed confidential.

18.     For good cause shown, a party to this Agreement may be released from its terms by order of the Court after notice and hearing.

19.     This Agreement shall be governed by the law of the State of Colorado.

20.     It is agreed that this Agreement contains the entire agreement and understanding between and among the parties hereto and supersedes any prior agreements and understandings among them respecting the subject matter hereof.  There are no agreements or understandings (oral or written) between and among the parties hereto relating to the subject matter of this Agreement that are not set forth or expressly referred to herein.  Amendments or modifications to this Agreement shall be invalid unless made in writing and signed on behalf of all of the parties.

21.     If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held invalid, and each such other provision shall to the full extent consistent with the law continue in full force and effect.  If any provision of this Agreement shall be held invalid in part, such invalidity shall in no way affect the rest of such provision not held so invalid, and the rest of such provision, together with all

other provisions of this Agreement, shall to the full extent consistent with law continue in full

force and effect.

The foregoing provisions are agreed to and stipulated to by all parties to this litigation.

DATED at Denver, Colorado, this 24th day of November, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

**AGREED TO BY:**

s/ Gwen M. Rogers
Daniel R. McCune, Esq.
Gwen M. Rogers, Esq.
Kennedy Childs & Fogg, P.C.
633 17th Street, Suite 2200
Denver, Colorado 80202
(303) 825-2700
dmccune@kcfpc.com
Grogers@kcfpc.com

*Counsel for Defendant USAA Casualty*
*Insurance Company*

s/ Jeffrey B. Stalder
Jeffery B. Stalder
Fowler, Schimberg & Flanagan, P.C.
1640 Grant Street, Suite 150
Denver, CO 80203
Ph: (303) 298-8603
j_stalder@fsf-law.com

*Counsel for Plaintiffs Rev Dr. Mark*
*Pumphrey and Mary Kay Pumphrey*